```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

         JAN 2 1 2011

    CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY LEWIS,
#96337

    Plaintiff,

vs.

ROBASCOITTI, et al.,

    Defendants.

3:10-cv-00601-RCJ-RAM

**ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #6). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC"), has sued correctional officers Robascoitti and Mainwaring, Warden Mr. R. LeGrand, caseworker Ms. K. Belinger and Dr. Scott. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights as well as retaliation in violation of his First Amendment rights.

### A. Count I

Plaintiff relates an incident in which he claims that Robascoitti directed him to have his light on when he was served breakfast. When plaintiff questioned Robascoitti he alleges that the officer became verbally abusive and yelled to the other inmates that plaintiff was the reason that they all had to have their lights on, leading to plaintiff having to explain himself in response to threats by other inmates. He alleges that Robascoitti also called him a "nigger" and that Mainwaring called him a "crippled little nigger" (plaintiff is in a wheelchair). However, mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part by Shakur v. Schiriro*, 514 F.3d 878 (9th Cir. 2008). Accordingly, plaintiff's claims that the officers' alleged instance of verbal harassment violated his Eighth and Fourteenth Amendment rights are dismissed for failure to state a claim.

3

### B. Count II

Plaintiff alleges that in July 2010, he complained to caseworker Belinger that he should not be housed at LCC because he had a case pending against two LCC correctional officers. While not entirely clear, he appears to allege that the warden told him to request a full classification hearing, that such hearing took place, but that "too many people was [sic] talking to [him] at once," and he forgot to ask his "main question." It appears that his transfer request was denied. Plaintiff fails to allege that he was denied any process that he was due in violation of his Fourteenth Amendment rights. He received a full classification hearing, and if plaintiff became overwhelmed during the hearing and was unable to ask certain questions or otherwise participate fully, that may be unfortunate, but does not implicate his constitutional rights. Count II fails to state a claim for which relief may be granted.

### C. Count III

In count III, it appears that plaintiff attempts to set forth an Eighth Amendment medical claim. However, he merely relates an incident in which he wanted a handsplint and the nurse told the doctor that plaintiff had made a shank out of his old splint, which plaintiff asserts is untrue. He also states that he requested a blanket to do doctor-advised stretches, his request was denied, and he developed a staph infection on his buttocks from doing his exercises on the floor.

A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in contravention of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* In applying this standard, the Ninth Circuit has held that before it can be said that

a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Delay of, or interference with, medical treatment can also amount to deliberate indifference." *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff does not allege that any defendants were deliberately indifferent to a serious medical need. Count III is dismissed for failure to state a claim for which relief may be granted.

Finally, while plaintiff makes a general allegation that all defendants in this action have retaliated against him, he sets forth no specific claims regarding retaliation. Any such retaliation claim is dismissed. No other claims are stated in this complaint.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim for which relief may be granted. As it is clear from the face of the complaint that the deficiencies could not be cured by amendment, his complaint is dismissed with prejudice and without leave to amend.

### III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #6) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the

account of Anthony Lewis, **Inmate No. 96337** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

     **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

     **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

     **IT IS FURTHER ORDERED** plaintiff's complaint is **DISMISSED with prejudice and without leave to amend** for failure to state a claim for which relief may be granted.

     **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 20th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE